# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**,

        Plaintiff,

  v.                               **Case No. 08-CR-84**

**JOHN J. MILLER**,

        Defendant.

---

## ORDER

---

Pursuant to 28 U.S.C. § 455(a), I recuse myself from this case, as I conclude that based upon evidence that the defendant has threatened my life and the government's intent to seek a superseding indictment in this case based on that evidence, my impartiality might reasonably be questioned. It would clearly be improper for me to preside over a case in which I am also alleged to be one of the victims. I note that all of the other judges sitting in this district were previously disqualified pursuant to *In re Nettles*, 394 F.3d 1001 (7th Cir. 2005), because the subject of the original indictment is a threat allegedly made by the defendant to harm a bankruptcy judge and blow up the federal courthouse in Milwaukee where they sit. The court will therefore request the Chief Judge of the Circuit to reassign the case to another judge.

Recognizing that the evidence of the threat to me is from jail inmates and that the defendant is presumed innocent of all charges and allegations against him, it is also the case that the issuance of such threats can be part of an intentional effort to manipulate or delay the administration of justice. *See United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008) (noting that if every threat

automatically required recusal, "defendants could readily manipulate the system, threatening every jurist assigned on the 'wheel' until the defendant gets a judge he preferred. Also, the defendant could force delays, perhaps making the cases against him more difficult to try, perhaps putting witnesses at greater risk. Such blatant manipulation would subvert our processes, undermine our notions of fair play and justice, and damage the public's perception of the judiciary.) The defendant is therefore admonished that evidence of threats against any other member of the judiciary or any federal courthouse is unlikely to result in the assignment of another judge to preside over the case.

**IT IS THEREFORE ORDERED** that the case is returned to the clerk of court to await reassignment by the Chief Judge of the Circuit.

Dated this ___9th___ day of May, 2008.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge