# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 84 | **DATE** | 10/9/2008 |
| **CASE TITLE** | U.S.A. vs. John Miller | | |

**DOCKET ENTRY TEXT:**

The court enters the Supplemental Sentencing Memorandum below.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## SUPPLEMENTAL SENTENCING MEMORNAUDM

 The court sentenced defendant, John J. Miller, to a 40-month term of imprisonment which was slightly higher than the guideline range. At the sentencing hearing this court reviewed the § 3553(a) factors and made findings as they applied to the defendant. This memorandum expands upon the court's reasons to impose a variance above the guideline range. See <u>United States v. Higdon</u>, 531 F.3d 561, 565 (7th Cir. 2008).

 (1) The guideline calculations and relevant conduct did not take into consideration defendant's subsequent conduct of making threats to murder other federal officials as told to four different inmates. See Presentence Investigation Report paragraphs 51 & 52; United States Sentencing Memorandum pages 5-11 and attached exhibits A-D. At sentencing, the court found the reports of these subsequent threats to be credible and serious. This conduct compounded the already serious conduct of defendant for which he was convicted and justifies an above guideline range sentence which was not considered in calculating the guideline range.

 (2) While the court did not find that the offense resulted in a <u>substantial</u> disruption of a governmental function, see U.S.S.G. § 2A6.1(b)(4)(A), to apply a 4-level guideline enhancement, this court finds there was some governmental disruption resulting from the transfer of this case to the Green Bay Division and subsequently to this Judge after threats against the Green Bay Judge. The conduct of defendant also caused some disruption to the Federal Defender's office in the assignment of the case to a different Assistant Federal Defender in Green Bay. As such, these disruptions form some basis for an above guideline range sentence.

 (3) Both the March 27, 2008, psychiatric report and the September 23, 2008, psychological evaluation report describe defendant as still angry, frustrated and perceiving himself a victim of injustice when the subject of his bankruptcy case was brought up. It was recommended by Psychologist, Sheryl Dolezal, that defendant receive psychotherapy as he is inflexible in his thinking when he believes he has been unjustly treated. The court believes from these reports that defendant could act out in the same way in the future as in this case should an adverse situation arise. Even during the sentencing proceedings and defendant's allocution, it was apparent to the court that defendant was still unduly fixated and angry about the bankruptcy case which led to his criminal conduct in making threats. Thus, for the protection of society and to deter him from such future conduct a longer period of imprisonment is necessary.

| | Initials: | /SEC |
|---|---|---|

08CR84 U.S.A. vs. John Miller    Page 1 of 1

Case 2:08-cr-00084-JTM  Filed 10/09/08  Page 1 of 1  Document 60