# United States District Court, Eastern District of Wisconsin

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 84 | **DATE** | 12/15/2009 |
| **CASE TITLE** | U.S.A. vs. John Miller | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion to recuse.

*Philip G. Reinhard*

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

  Defendant, John Miller, filed on November 18, 2009, in his closed case, a motion to recuse pursuant to 28 U.S.C. § 144 and an accompanying affidavit in support thereof. The assertions in the motion and the accompanying affidavit consist of arguments that the court lied to defendant about the potential sentence, that defendant is actually innocent of the offense to which he pleaded guilty, and that he is being imprisoned illegally.

  Section 144 provides, in pertinent part, that whenever a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias against him that such judge shall proceed no further therein. The affidavit shall state the facts and reasons for the belief that bias or prejudice exists.

  A trial judge has as much obligation not to recuse himself when there is no occasion to do so under § 144 as there is for him to do so when the converse prevails. Hoffman v. Caterpillar, Inc., 368 F. 3d 709, 717 (7th Cir. 2004), citing United States v. Ming, 466 F. 2d 1000, 1004 (7th Cir. 1972). The facts alleged in a § 144 motion and supporting affidavit must be legally sufficient and demonstrate the judge's personal bias or prejudice against the party. Hoffman, 368 F. 3d at 718, citing United States v. Balistrieri, 779 F. 2d 1191, 1199 (7th Cir. 1985). A court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists, and simple conclusions, opinions, or rumors are insufficient. Hoffman, 368 F. 3d at 718. The factual allegations must fairly support the charge of bias or impartiality and must be specific, including definite times, places, persons, and circumstances. Hoffman, 368 F. 3d at 718. Because the statute is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse. Hoffman, 368 F. 3d at 718.

  Further, a motion to disqualify under § 144 requires a showing of actual bias. Hoffman, 368 F. 3d at 718. Only personal animus or malice on the part of the judge can establish actual bias. Hoffman, 368 F. 3d at 718. Moreover, judicial rulings alone will almost never constitute a valid basis for disqualification under § 144. Hoffman, 368 F. 3d at 718.

  As an initial matter, the court notes that defendant's criminal case is closed. However he has also filed a separate motion in that case so there is a "pending" matter necessitating a decision on the motion to recuse.

  In this case, neither the motion nor the accompanying affidavit contain any specific assertions of actual bias based on the personal animus or malice of the court. Rather, the assertions of bias and prejudice are essentially based on disagreements with the court's rulings on various matters in this case. Such assertions are insufficient to demonstrate the actual bias or prejudice necessary for recusal under § 144. Accordingly, the motion to recuse is denied.[1]

---

1. The court notes that defendant has not filed this motion in his pending case under 28 U.S.C. § 2255. Nonetheless, were the present motion to be considered to apply in that case as well, it would be denied for the same reasons as set forth in this order.

08CR84 U.S.A. vs. John Miller   Page 1 of 1

Case 2:08-cr-00084-JTM   Filed 12/15/09   Page 1 of 1   Document 104